UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-11665 |
| | : | CHAPTER 12 |
| HAL D. & VICTORIA O. LILLEY, | : | |
| DEBTORS | : | |
| | : | |
| HAL D. & VICTORIA O. LILLEY, | : | DOCUMENT NO. 8 |
| Movants | : | |
| vs. | : | |
| MERCER COUNTY STATE BANK | : | |
| and RONDA J. WINNECOUR, ESQ., | : | |
| TRUSTEE, Respondents | : | |

## MEMORANDUM

The issue here is the value of the Debtors' 131.5 acre farm on Cemetery Road in the town of Ripley, New York, on December 28, 2006, the date of filing the within bankruptcy case under Chapter 12 of the Bankruptcy Code.

Mercer County State Bank (the "Bank") holds a first mortgage on the farm with a balance due as of June 13, 2007 (the date of trial) of $308,819.45.

Debtor engaged Roy W. Bemiss and M.K. Bemiss Agency as a valuation expert. The Bank engaged George W. Holt and Holt Associates, Inc. Both witnesses were well qualified and knowledgeable. Bemiss appraised the property as of January 4, 2007. Holt appraised the property as of April 11, 2007. The time differential is insignificant. Bemiss had also appraised the property previously, as of December 2, 2003.

The elements of the three (3) appraisals are shown in the following table:

|  |  | **Bemiss – 12/03/03** | | **Bemiss – 01/04/07** | | **Holt – 04/11/07** | |
| --- | --- | --- | --- | --- | --- | --- | --- |
|  | Acreage | per acre | Total Value | per acre | Total Value | per acre | Total Value |
| Grape Acreage |  |  |  |  |  |  |  |
| Welch Contract | 45 | $6,000 | $270,000 | $3,200 | $144,000 | $3,700 | $228,000 |
| Not Welch | 16.5 | $4,000 | $66,000 | $3,200 | $52,800 | $3,700 | |
| Tillable irrigated land | 25 | $1,000 | $25,000 | $1,000 | $25,000 | $1,000 | $25,000 |
| Non-tillable | 45 | $400 | $18,000 | $300 | $13,500 | $400 | $18,000 |
| TOTALS | 131.5 | -- | $379,000 | -- | $235,300 | --- | $271,000 |

The salient features are: (1) the 12/03/03 appraisal of Bemiss was $379,000; (2) the Bemiss 01/04/07 appraisal was $235,300; (3) the Holt appraisal of 04/11/07 was $271,000; (4) each expert fixed the value of the 25 acre piece at $25,000; (5) the experts were apart on the value of the 45 acre non-tillable parcel by $4,500 ($300 per acre vs. $400 per acre, or $13,500 vs. $18,000); (6) Bemiss' 2003 report fixes the grape vineyard value at $6,000 per acre for acreage (45 acres) that is under a Welch contract, but only $4,000 for acreage (16.5 acres) which is not under a Welch contract; (7) Bemiss and Holt agree that currently there is no marketable value increment due to the existence or non-existence of a Welch contract, and (8) Bemiss values the 61.5 acres of grape vineyards at $3,200 per acre ($196,800) whereas Holt values the 61.5 acres at $3,700 per acre ($228,000), or, a $32,000 difference.

2

Although Holt's report indicated a current value of a Welch contract to be $500 to $1,000 per acre, he made no corresponding adjustment in his opinion of value; thus, he valued the 45 acres subject to a Welch contract at the same $3,700 per acre value as the 16.5 acres which were not subject to a Welch contract. Bemiss similarly placed a value on the Welch contract, but neither appraiser ascribed any increased value to land which did have a Welch contract.

There was evidence that the market for grapes has declined in the past few years. The 2003 appraisal by Bemiss ascribed a value of an additional $2,000 per acre if the property had a Welch contract. That benefit appears to be gone. The decline in the value of the Welch contracts is related to the decline in the marketability and price of the grapes.

There was also evidence that the posts, trellises and vines on the subject property were in need of repair and some were missing, such that the acreage should be reduced or the vines, posts and trellises rehabilitated – at a cost of up to $1,000 per acre.

This Court, after review of the testimony and exhibits, concludes that the value is as follows:

| | |
|---|---|
| 61.5 acres Concord grapes at $3,300 per acre | $202,950 |
| 25 acres tillable, irrigated land at $1,000/acre | $25,000 |
| 45 acres non-tillable land at $400/acre | $18,000 |
| Total value of 131.5 acres | $245,950 |

Dated: June 20, 2007

Warren W. Bentz
United States Bankruptcy Judge

FILED
JUN 1 9 2007
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

3

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 06-11665 |
| | : CHAPTER 12 |
| HAL D. & VICTORIA O. LILLEY, | : |
| DEBTORS | : |
| | : |
| HAL D. & VICTORIA O. LILLEY, | : DOCUMENT NO. 8 |
| Movants | : |
| vs. | : |
| MERCER COUNTY STATE BANK | : |
| and RONDA J. WINNECOUR, ESQ., | : |
| TRUSTEE, Respondents | : |

## ORDER

This 20th day of June, 2007, after notice and hearing, it is ORDERED that the value of Debtor's farm, subject to the mortgage of Mercer County State Bank, in the town of Ripley, New York, is as follows:

| | |
|---|---|
| 61.5 acres Concord grapes at $3,300 per acre | $202,950 |
| 25 acres tillable, irrigated land at $1,000/acre | $25,000 |
| 45 acres non-tillable land at $400/acre | $18,000 |
| Total value of 131.5 acres | $245,950 |

Warren W. Bentz
United States Bankruptcy Judge

FILED
JUN 1 9 2007
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE